(No. 3700—

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, A BODY POLITIC AND CORPORATE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

RICHARD S. FOLSOM, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

Pursuant to an act of the General Assembly entitled, "An Act to enable School Directors, Boards of Education and Boards of School Inspectors to establish and maintain

classes and schools for children, deaf, blind, and having defective vision, and providing for the payment from the State Treasury of the excess cost of maintaining and operating such classes and schools over the cost of maintaining and operating elementary schools for normal children, and to repeal a certain Act therein named,'' (Section 675, Chapter 122, Illinois Revised Statutes), claimant established and maintained a class for blind pupils and those having defective vision in the Francis Parker High School in the City of Chicago, from February 3, 1941, to the end of school term, June 27, 1941. Claim is made under this statute for the excess cost of maintaining this special class in the amount of $897.50.

The Sixty-first General Assembly of the State of Illinois made an appropriation for the payment of such excess costs, and the Department of Public Welfare of the State of Illinois allocated the sum of One Thousand Dollars to the Francis Parker High School. Claimant filed its claim with the Department on January 5, 1942, but payment was refused on the ground that time for filing claims expired on September 30, 1941. The entire appropriation had been expended or contracted for prior to June 30, 1941.

Section 6 of the Act provides that each board of education, school directors and board of school inspectors, shall keep an accurate, detailed and separate account of all moneys paid out by it for the maintenance of such classes and schools and for the instruction and care of the pupils attending them, and shall report the same to the Department of Public Welfare for approval, on vouchers prescribed by the department, on or before the third Monday in August in each year, together with the excess of cost for each pupil for each school year, ending in June, over the last ascertained average cost thereof, for the instruction of normal children in the elementary public schools of its school district for a like period of time of attendance. Section 7 of the Act makes the aggregate excess cost of the maintenance of classes for the deaf and blind, ''as determined, computed, and reported by the said school officials as provided in Section 6 of this Act,'' a charge against the State of Illinois, and provides that ''such excess cost shall be paid annually to such board of education, school directors, or board of school inspectors, as the case may be, on the warrant of the Auditor of Public

Accounts out of any money in the treasury appropriated for such purposes on presentation of proper vouchers approved by the Department of Public Welfare.'' Section 9 of the Act authorizes the Auditor of Public Accounts to draw warrants on the State Treasurer on or before the first Monday in September of each year for the respective sums of excess cost theretofore reported to him, as provided in Section 7, upon order of the Department of Public Welfare.

Claimant failed to comply with Section 6 of the Act. Instead of filing its report on or before the third Monday in August, 1941, it filed its report on January 5, 1942. The Department of Public Welfare and the Auditor of Public accounts were therefore unable to comply with Section 9 of the Act. Furthermore, the entire appropriation had been expended or contracted for prior to that time.

Under Section 19 of Article IV of the Constitution, the General Assembly is prohibited from authorizing the payment of any claim, or part thereof, created against the State under any agreement or contract made without express authority of law, and all such unauthorized agreements or contracts are null and void, with the exception that the General Assembly may make appropriations for expenditures incurred in repelling invasion or suppressing insurrection. Every claim or contract is void if not within the amount of appropriations already made, unless there is express authority of law for the creation of the debt or claim or the making of the contract.

"In Section 19 (of Article 4 of the Constitution) claims under any agreement or contract made by express authority of law are excepted, and if there is some particular and specific thing which an officer, board or agency of the State is required to do, the performance of the duty is expressly authorized by law. That authority is express which confers power to do a particular, identical thing set forth and declared exactly, plainly and directly, with well defined limits, and the only exception under which a contract exceeding the amount appropriated for the purpose may be valid is where it is so expressly authorized by law. An express authority is one given in direct terms, definitely and explicitly, and not left to inference or to implication, as distinguished from authority which is general, implied or not directly stated or given." *Fergus* vs. *Brady*, 277 Ill. 272.

Although the statute under consideration in this case expressly authorizes payment by the State of the excess cost of educating deaf and blind pupils, it expressly authorizes payment only after a report has been filed with the Department of Public Welfare on or before the third Monday of

August, and it authorizes drawing of warrants by the Auditor of Public Accounts only before the first Monday of September, upon order of the Department of Public Welfare. Disregarding the limitation of the Act which authorizes payment only "out of any money in the treasury appropriated for such purposes," there is no express authority of law for the payment of this claim. Instead, it is based upon a violation of the provisions of the statute which otherwise might authorize its payment.

The express authority given by the Act under consideration, is to pay only after claimant has complied with the provisions of the Act itself; it is not an express authority to pay when claimant has violated those provisions. The claim does not fall within the exception under which an obligation incurred in excess of the amount appropriated for the purpose may be valid.

The claim is therefore denied.